IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIXING & MASS TRANSFER TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) 4:11CV3068 ) |
| v. | ) MEMORANDUM AND ORDER ) |
| CITY OF LINCOLN, Nebraska, and HDR ENGINEERING, Inc., | ) ) ) |
| Defendants. | ) ) |

The defendants moved to dismiss this case, claiming:

> Plaintiff, Mixing & Mass Transfer Technologies, LLC ("m$^2$t"), is without independent standing to sue on the patent at issue and, despite the fact that its initial complaint was dismissed for lack of standing, m$^2$t has again failed to join the patent owner as required by law to obtain standing.

Filing No. 14.

The plaintiff has moved to amend the complaint to add the inventor and owner of the patent, Dr. Peter Kos, as a party plaintiff. (Filing No. 19).

The proposed amended complaint addresses the standing issue identified in defendant's motion to dismiss. The defendant does not object to the plaintiff's motion to file the proposed amended complaint, but it requests compensation for its "expenses occasioned by m$^2$t's filing of not one, but two inadequately and improperly pleaded actions." (Filing No. 21, p. 3). In response, the plaintiff maintains its initial complaint was sufficient, but the amended complaint will placate the procedural and jurisdictional concerns raised by the defendants in favor of getting to merits of this case. "m²t maintains that it has independent standing to bring its patent infringement claim as the assignee of a written and exclusive patent license." (Filing No. 24, p. 4).

To rule on the defendants' attorney fee claim, the court must first decide the underlying and disputed issue of whether, in the absence of joining Dr. Kos as a party, plaintiff m²t lacks standing. "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." Davis v. Federal Election Com'n, 128 S.Ct. 2759, 2768 (2008). The standing doctrine "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant . . . invocation of federal-court jurisdiction." Summers v. Earth Island Inst., 129 S.Ct. 1142, 1149 (2009) (internal quotations and emphasis omitted). Plaintiff m²t has standing if its complaints have alleged a cognizable claim for recovery against the defendants. That question should be decided on a fully developed record; not on a motion for attorney fees.

Accordingly,

1) The plaintiff's motion for leave to file a Second Amended Complaint, (filing no. 19), is granted. The plaintiff's Second Amended Complaint, a copy of which is attached to its motion, shall be filed on or before September 7, 2011.

2) The defendants' objection and request for recovery of fees, (filing no. 21), is denied without prejudice to raising at a later time on a fully developed record.

3) The defendants' motion to dismiss, (filing no. 14), is denied as moot.

August 31, 2011

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.